# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1891V
UNPUBLISHED

| | |
|---|---|
| PAMELA FOX,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## **RULING ON ENTITLEMENT**[1]

On December 10, 2018, Pamela Fox filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of an influenza ("flu") vaccine administered to her on October 2, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 30, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

4(c) Report at 1.  Specifically, Respondent states that Petitioner's alleged injury is consistent with SIRVA as defined on the Vaccine Injury Table. *Id.* at 4. Specifically, Petitioner had no history of pain, inflammation or dysfunction of her left shoulder, pain occurred within 48 hours after receipt of an intramuscular vaccination, pain was limited to the shoulder in which the vaccine was administered, and no other condition or abnormality has been identified to explain Petitioner's shoulder pain. *Id.*  Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master